Halpern, J., concurring: I agree with the result reached by the majority and write separately only to question the vitality of our Memorandum Opinion in Libutti v. Commissioner, T.C. Memo. 1996-108, in which we held that $2.5 million in comps (including free cars and European vacations) that the taxpayer received from an Atlantic City casino are “gains from * * * [wagering] transactions” for purposes of section 165(d). The majority describes Libutti as an “exception” to the general rule that “‘gains’ from ‘wagering transactions’ within the meaning of section 165(d) must be the actual product of wagers entered by the taxpayer.” Majority op. p. 93 and note 15. The majority reports that in Libutti we emphasized that the nexus of the “comps” to the taxpayer’s wagering was “‘close, direct, evident, and strong.’” Majority op. note 15. Before that statement in Libutti, however, we stated: “Although petitioner’s receipt of the comps did not directly hinge on the success or failure of his wagers, he received the comps incident to his direct participation in wagering transactions.” (Emphasis added.) Compare that statement to what we say today: “Generally, it is not sufficient that the gain arise merely in connection with the conduct of wagering activities; the gain must be the direct result of a wager entered by the taxpayer.” Majority op. p. 93. Whether there is any material difference between “incident to” and “in connection with” remains to be seen. And whether the Libutti result can survive as an exception to the general rule in the light of our analysis herein also remains to be seen. Goeke and Holmes, JJ., agree with this concurring opinion.